Justice DARRELL DOWTY,
Specially Concurring.
I write separately here to clarify my understanding of our scope of review in employment termination cases. In Carter, JAT-2003-14, cited in the Court’s opinion, our predecessor Court, the Judicial Appeals Tribunal, drew its authority from the Constitution and Legislative Acts then existing which included conferred original jurisdiction over termination appeals, and, in the case of gaming disputes, original jurisdiction and the legislated constraint that we would give deference to the expertise of the Gaming Commission.[1]
There are presently no similar constraints on this Court with regard to de novo review of the district court’s ruling in employment termination cases and I believe that we are not required to surrender our reasoning for that of the lower court or the administrative officer in such cases unless there are specific legislated limitations in place.
The language of the majority that we have a “non-deferential review of the hearing officer’s findings” as a standard of review and defer to “administrative expertise” in our scope of review, is, to me, confusing and suggests constraints upon our review of the action of the District Court in this case. I believe our focus should be on the non-deferential review’ of *320 the reasoning of the District Court applying the “any competent evidence” standard.
Applying this standard to this Court’s decision in this matter, I would find that the decision of the District Court is supported by the evidence and would join in affirming the District Court.
ATTACHMENT
IN THE DISTRICT COURT OF THE CHEROKEE NATION
In regard to the Termination of ROY HANNAFORD, Employee of Cherokee Nation Industries, LLC.
Case No. CV-2010-121
Dec. 7, 2010

ORDER

Petitioner, Roy Hannaford. appeals his termination as Executive Vice President of Construction Services for Cherokee Nation Industries. An Administrative Hearing was held on February 4th and 5th, 2010, and thereafter Hearing Officer, Steven Gray upheld Hannaford’s termination. It is from this Order that Hannaford has perfected his appeal.
Hannaford’s first complaint alleges he was denied due process as the Administrative Hearing unconstitutionally shifted the burden of proof to Hannaford show that he should not have been terminated. He urges this Court should find that CNI’s Policy No. COR-HR-110-150 violates the constitution of Cherokee Nation and violates Hannaford’s right to due process. No authority is cited that supporting this position. The record reflects Hannaford was suspended with pay and given at least two (2) continuances before his Pre-termi-nation hearing. In fact, this allowed him to prepare an extensive response to the allegations against him. Thereafter he was given an appeal hearing before the Administrative Law Judge that lasted approximately two days. A review of the exhibits and the transcript clearly reveal Hannaford was given due process with adequate notice and time to prepare his defense.
His next allegation of error is that he was denied due process because he did not receive a Pre-termination hearing. Again, the record does not support this. Hanna-ford was suspended with pay and given two (2) extensions in which to prepare for his Pre-termination hearing. He utilized these to his advantage and prepared and extensive response that is part of the record and part of CNE’s Exhibit No. I introduced at the hearing.
Hannaford then asserts he was denied due process because the hearing was not conducted by fair and impartial tribunal. He again speaks to his Pre-termination hearing which was conducted by the CEO of CNI Bryan Collins. Hannaford’s remedy if he was dissatisfied, and he was, was to appeal this to the Administrative Law Judge. This in fact was done and after a two day trial Hannaford’s termination was again upheld.
Hannaford’s fourth allegation of error is that his termination was unlawful because it was made based on pressure from members of the Tribal Counsel. The record does not support this. The facts as revealed by the transcript of the Administrative Hearing and the record of the evidence introduced therein focuses on the project known as “Bentley Park” as the primary basis for Hannaford’s termination. Bentley Park was the largest project undertaken by the Construction Division of Cherokee Nation Industries and under Hannaford’s stewardship was a failure that cost Cherokee Nation Industries approximately $1,000,000.00. It is unquestioned *321 that Hannaford, as Vice President in charge of construction, was responsible for the successful completion of this project. The record more than supports his dismissal and termination as a result of the Bentley Park loss.
Hannaford then complains that CNI was precluded from finding misconduct and terminating his employment because the Oklahoma Employment Security Commission made a finding that no evidence of misconduct has been received. This Court is not bound by findipgs of the Oklahoma Employment Security Commission and the record does not support a finding that there was no evidence of misconduct. The record is full of evidence of misconduct by Hannaford including drinking on the job and utilizing workers from the Bentley Park Project to make repairs and improvements on his personal residence.
Hannaford’s final allegation claims he was denied due process because he was not given the four step process of progressive discipline and terminated immediately. The Court finds that there is no requirement for CNI or any other entity of Cherokee Nation to go through the entire four step process before the termination of an employee is reached. Further, Hanna-ford’s conduct was so egregious that it made the four step discipline process irrelevant.

Conclusion:

There is no evidence in the record that Cherokee Nation Industries failed to follow the procedures outlined in their Corporate Policy or denied Roy Hannaford due process in appealing his termination. It is therefore the opinion and order of this Court that the ruling of the Administrative Law Judge terminating the employment of Roy Hannaford be upheld.
/s/ Bart Fite
Judge of the District Court

. Title 4 CNCA 1994 § 19(C) "In all appeals, the Judicial Appeals Tribunal shall give proper deference to the administrative expertise of the Cherokee Nation Gaming Commission denying, modifying, conditioning, or revoking any license.”